agreed to by counsel for the state nor approved by the trial judge cannot be considered.

■ In asserting that the statute without qualification granted him 90 days after notice of appeal in which to file a statement of facts, appellant appears to have overlooked that portion of Art. 759a, V.A.C.C.P. which provides: "If the parties cannot agree on a Statement of Facts within seventy-five (75) days after giving of notice of appeal, the trial judge shall prepare and certify to a Statement of Facts."

We call attention to the decisions of this Court to the effect that the 90 days allowed for filing a statement of facts has no application to a statement of facts certified by the trial judge after the parties had been unable to agree. Widner v. State, 159 Tex. Cr.R. 256, 262 S.W.2d 400; Therrell v. State, Tex.Cr.App., 279 S.W.2d 879; Davis v. State, Tex.Cr.App., 280 S.W.2d 747.

Appellant's motion for rehearing is overruled.

No attorney on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The offense is unlawfully carrying a pistol; the punishment, a fine of $100.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular and nothing is presented for review.

The judgment is affirmed.